UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK A. COTTONHAM,

    Plaintiff,

    v.

G. HORIUCHI, California Department of Corrections Adult Parole Agent,

    Defendant.

No. C-13-2225 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Mark A. Cottonham, a California parolee, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his complaint, Mr. Cottonham alleges that parole agent Horiuchi falsified information on a form he prepared during Mr. Cottonham's parole. Mr. Cottonham alleges that "[t]he Discharge Review Report was malicious in its intent to frame me by writing terrible thing about me to keep me on parole that I've been on since 9-22-08." Docket # 1 at 3. Mr. Cottonham directs the reader to "see attach[ed] C.D.C.R. Form 1502-DR 2 of 3 pages under (Aggravating Factors) to show how report maliciously falsified my past!" Docket # 1 at 3.

The attachment to the complaint is a three-page Discharge Review Report containing information about the parolee in three sections: (I) Parolee Profile; (II) Parolee Dynamic Profile; and (III) Recommendation. Section II, the Parolee Dynamic Profile, has many boxes for the parole agent to rate the parolee on various objectives based on the standards and rating scores enumerated on that

page. Mr. Cottonham directs the reader to this highlighted passage in Section II on page 2 of the form:

> "Aggravating Factor(s) to Consider: Parolee has a criminal history which includes acts of violence resulting in serious or great bodily injury, sexually related offenses defined as violent offenses; serious or violent crimes associated with criminal gang activity; fearful victims; or any other factor articulated by the Parole Agent.
>
> "Mitigating Factor(s) to Consider: Parolee is of advanced age and not likely to participate in his or her normal pattern of criminal activity, has an incapacitating disability which likely would present future criminal behavior; or any other factor articulated by the Parole Agent.

Docket # 1-1 at 2.

In the "Recommendation" section of the form, defendant parole agent Horiuchi recommended that Mr. Cottonham be discharged from parole, and wrote that Mr. Cottonham "has maintained a satisfactory parole period this parole period" with only one violation during his parole (i.e., for absconding two years earlier). *Id.* at 3. The unit supervisor concurred with the recommendation for an earlier discharge from parole. *Id.* The district administrator concurred at least in part, although part of his handwritten note is illegible. *See id.* The complaint does not expressly allege, nor does the attached documents clearly state, that Plaintiff was denied discharge from parole.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

1 committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
2 (1988).

3     In addition to failing to allege his discharge was denied, Mr. Cottonham's claim appears to
4 be based on a misunderstanding of the form: the "aggravating factors" passage that he claims was
5 maliciously falsified is standard information on the form to guide the evaluator, rather than an actual
6 evaluation of him. The same passage appears on *every* parolee's discharge review report as part of
7 the form. The *individualized* information that actually was written about Mr. Cottonham was
8 positive. Defendant parole agent Horiuchi wrote on the form that Mr. Cottonham "has maintained a
9 satisfactory parole period this parole period," and had only one violation two years earlier. *See*
10 Docket # 1-1 at 3.

11     Even if there were false information written about Mr. Cottonham on the form, false
12 statements alone would not rise to a federal claim because the inaccuracy of records compiled or
13 maintained by the government is not, standing alone, sufficient to state a claim of constitutional
14 injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 711-714 (1976); *Reyes v.*
15 *Supervisor of DEA, et al.*, 834 F.2d 1093, 1097 (1st Cir. 1987) (no due process claim for false
16 information maintained by police department); *Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980)
17 (mere existence of inaccuracy in FBI criminals files does not state constitutional claim). Defamation
18 alone is not a constitutional violation, even when done under color of state law. *See Paul*, 424 U.S.
19 at 701-710. Reputation is not a liberty or property interest protected by the Due Process Clause
20 unless it is accompanied by "some more tangible interests." *Id.* at 701. "[A]lteration or
21 extinguishment of 'a right or status previously recognized by state law,'" *Humphries v. County of*
22 *Los Angeles*, 554 F.3d 1170, 1185 (9th Cir. 2009), *overruled on other grounds*, 131 S. Ct. 447
23 (2010), (quoting *Paul*, 424 U.S. at 711), or violation of a right specifically secured by the Bill of
24 Rights, *Cooper v. Dupnik*, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991), constitute deprivation of such
25 "tangible" interests. This has become known as the "stigma-plus" test. *Humphries*, 554 F.3d at
26 1185. There are several ways to meet the "stigma-plus" test, e.g., alleging that the injury to
27 reputation *caused* the denial of a federally protected right, or alleging that the injury to reputation
28 was inflicted *in connection with* a federally protected right, or alleging that the challenged action

"creates both a stigma and a tangible burden on an individual's ability to obtain a right or status recognized by state law." *Humphries*, 554 F.3d at 1188; *Cooper*, 924 F.2d at 1532. The stigma-plus test cannot be met by alleging collateral consequences of the defamation, such as loss of business, public scorn and potential loss of employment, *see Cooper*, 924 F.2d at 1534. Plaintiff does not allege that he was denied liberty (*e.g.*, by being denied discharge from parole as a result of a false statement about him).

Thus, the complaint does not state a claim upon which relief may be granted. Leave to amend will be granted so that Mr. Cottonham may attempt to allege a cognizable § 1983 claim based on the allegedly inaccurate report. In his amended complaint, he would need to allege facts showing that there was factually false information *about him*, and allege facts to showing that the false information satisfied the "stigma-plus" test, *i.e.*, that he was denied discharge as a result of the false information about him.

## IV. CONCLUSION

The amended complaint fails to state a claim upon which relief may be granted against any defendant. Leave to amend will be granted so that Mr. Cottonham may attempt to state a claim. The amended complaint must be filed no later than **November 15, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Cottonham is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim upon which relief may be granted.

///

///

///

///

4

Plaintiff's *in forma pauperis* application is **GRANTED**. (Docket # 2.) Plaintiff must pay a partial filing fee of $10.00 no later than **November 15, 2013**. Failure to pay the partial filing fee may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: October 8, 2013

_____
EDWARD M. CHEN
United States District Judge